Dickerson v. Wadsworth et al.

---

## DICKERSON v. WADSWORTH ET AL.

In an action of trespass, *quare clausum fregit*, brought in the Circuit Court, the defendant suffered judgment by default to be taken against him. Upon a writ of inquiry the damages were assessed at a sum less than $100. Costs were applied for by the plaintiff, on the ground that the trespass complained of, and for which damages had been assessed, were committed upon unenclosed woodlands to which he had title in fee, but of which he had not actual possession. The court *held—*

1. That an inquiry whether the plaintiff was the owner of the lands, and out of possession, and the title necessarily involved in the suit, may rightfully be made, and must be an inquiry, *aliunde* the record.

2. That the court in which the suit is brought, must necessarily pass upon the question whether a justice's court had jurisdiction, on application for the taxation of costs.

3. If it appear, on inquiry, that the production of the plaintiff's title was necessary to enable him to maintain his action, he is entitled to his costs.

4. The inquiry may be made by affidavits, or by the examination of witnesses *ore tenus*.

On case certified from Morris Circuit Court.

In matter of costs.

Argued at February Term, 1869, before the CHIEF JUS-TICE, and Justices DALRIMPLE and DEPUE.

For plaintiff, *J. Vanatta.*

For defendant, *H. C. Pitney.*

DEPUE, J.   The plaintiff, Dickerson, sued the defendants in the Circuit Court of the county of Morris, in an action of trespass, *quare clausum fregit.*   The defendants having failed to file a plea, judgment was taken by default, and a writ of inquiry was issued for the assessment of damages.   The damages were assessed at less than the sum of $100.   Upon the return of the writ of inquiry, the plaintiff moved for judgment thereon, with costs of suit to be taxed, against the defendants.   He based his application for costs on the ground that the trespasses complained of, and for which damages had been assessed, were committed upon uninclosed woodlands of the plaintiff, to which he had title in fee, but of which he had not actual possession.

The questions certified by the Circuit Court are, *first,* whether, under the facts stated, the plaintiff is entitled to costs; and if so, then, *secondly,* how may the facts be proved or made manifest to the court.

As the case stands upon the record, the plaintiff is not entitled to costs, the action being one within the cognizance of the courts for the trial of small causes, and the damages recovered being less than the sum of $100.

The plaintiff's counsel proposed to the court below, to show that the action could not have been prosecuted before a justice, because of his inability to prove an actual possession of the *locus in quo,* and that, in order successfully to

Dickerson v. Wadsworth et al.

maintain the action, he was compelled to resort to proof of title.

The position of the defendant's counsel is, that the plaintiff's difficulty was not that a justice's court had not jurisdiction of his case, but that he could not prove it.

There is a considerable class of cases in which injuries to lands are redressable by action of trespass, where there is no possession in fact in the owner, and the possession which is the basis of his right to sue, is constructive, being such as by implication of law is annexed to his title. As to this class of cases, if the position of the defendants' counsel is correct, this result will follow: that the owner of unoccupied uninclosed lands, if he sues in a justice's court to recover damages for a petty trespass on his lands, will be met there with the practical difficulty that he cannot prove possession, and will be non-suited; and if he sues in a higher court, he will be excluded from costs, if the trespasser sees fit to suffer judgment by default; for if the suit is in the Supreme Court, the judge has no power to certify that the title came in question to give costs, except upon the trial of the cause, (*Nix. Dig.* 324, § 14;*) and in the Circuit Court it is doubtful whether there is any authority to make a certificate even upon trial. This result is so manifestly unjust, that unless the language of the statute is so clear and explicit as not to admit of any other construction, the legislature will not be held to have intended it.

The sixty-third section of the act constituting courts for the trial of small causes, deprives a plaintiff of his costs who shall institute a suit for any debt or demand made cognizable before a justice of the peace, in any other court than a court for the trial of small causes, and shall recover therein a sum not exceeding $100, exclusive of costs, unless he shall have previously filed an affidavit of his belief that the sum due or damages sustained exceed one hundred dollars. *Nix. Dig.* 469.

The first section of the same act makes every suit of a civil nature, where the debt, balance or other matter in dis-

*Rev., p. 890, § 269.

pute does not exceed, exclusive of costs, the sum or value of $100, cognizable before a justice, with a proviso that the act shall not extend to certain enumerated actions, nor to any action wherein the title to any lands, tenements, hereditaments, or other real estate, shall or may in anywise come in question.

Taken literally, the language of this proviso would exclude from the jurisdiction of the justice all causes in which title to lands may come in question, even where the title involved is a mere title by possession.   By construction, where taken in connection with the fifth section of the act concerning costs, (*Nix. Dig.* 324,*) it was held, that an action of trespass, *quare clausum fregit,* was cognizable in a justice's court, when the plaintiff could sustain his right to sue by proof of actual possession, which a justice might determine, upon evidence of the fact of possession, without inquiry into any matter of title.   *Gregory* v. *Kanouse,* 6 *Halst.* 62.   But a justice of the peace not having jurisdiction to try the right of possession, (*Campfield* v. *Johnson,* 1 *Zab.* 83,) whenever the situation of the owner in relation to the *locus in quo* is such that his possession is constructive, and can be proved only by proof of his title, the reason for this construction ceases, and the justice cannot be said to have jurisdiction. It would be idle to say that a court has jurisdiction over a cause of action for injuries to property, when it has not jurisdiction to entertain the only evidence that, from the nature of the plaintiff's right, is adducible to prove his property with respect to which he is injured.

In *Pickle* v. *Covenhoven,* 1 *South.* 319, this court held, that an action of trespass for mesne profits could not be maintained before a justice of the peace, on the ground that the plaintiff must give evidence of title, and that the action must be brought in a court where a jurisdiction existed to try a question of title.

The form of action for the recovery of mesne profits is one cognizable in a justice's court, and the injury for which damages are sought to be recovered is one resulting from an

*Rev., p. 890.

Dickerson v. Wadsworth et al.

invasion of the owner's possessory right.  If, after a recovery in ejectment, he sues in a justice's court, he will fail, not because his form of action or the nature of the injury was such as that, under other circumstances, the suit might not have been entertained by the justice, but because his situation with reference to the premises was such when the injury was done, that he could not adduce that evidence to establish his right to it, that a justice of the peace was authorized to receive.

It is the necessity of producing title, other than mere possession, to establish the right of the plaintiff to sue, that is the test by which to determine whether any particular case is without the jurisdiction of the justice's court.  Practically, it can make no difference whether the necessity for such proof is caused by the possession being in the defendant, or another person, or by the plaintiff's not having any actual possession himself, when the premises are entirely unoccupied.

The second point certified, is as to the manner in which the facts necessary to show that the justice's court had not jurisdiction of the cause, are to be established.

The fifty-eighth section of the statute of *9th and 10th Vic.*, *ch.* 95, establishing county courts, provides that those courts shall not have cognizance of any action in which the title to any corporeal or incorporeal hereditaments shall come in question; and by another section, a plaintiff suing in a superior court for a cause of action cognizable in the county courts, shall not recover costs if he shall have recovered less than £20.  The plaintiff having sued in the Court of Queen's Bench for a cause of action, within the jurisdiction of the county courts, and recovered less than £20, applied for costs, on the ground that the title to hereditaments came in question.  The court held that the *onus* is in him to show that he could not sue in the county court, by establishing the fact that the title did really *bona fide* come in issue.  *Latham* v. *Spedding*, 17 *Q. B.* 440.  In this case, as the record stands, the action appears to be one that was within the jurisdiction of a jus-

Dickerson v. Wadsworth et al.

tice of the peace, and the plaintiff is *prima facie* not entitled to costs. The burthen of establishing his right to costs rests upon him. How is an owner of lands, out of possession, to make it appear that his situation with reference to the premises is such that he could not bring his action before a justice —that his title was necessarily involved ? It cannot be determined by the form of the declaration. The inquiry as to the fact whether the plaintiff might not have sued in the lower court, must be an inquiry *aliunde* the record. The court in which the suit is brought must necessarily pass upon the question whether a justice's court had jurisdiction on the application for the taxation of costs against the defendant. In *Chambers* v. *Hunt, Spencer* 109, this court held that in an action of replevin, instituted in the Supreme Court, when the plaintiff had a verdict in his favor, with six cents damages, the value of the property in dispute might be inquired into on the motion for judgment on the verdict, for the purpose of settling the question of costs. In *Latham* v. *Spedding*, the question was heard upon affidavits. I see no objection to that course, or the court may determine the question by the examination of witnesses *ore tenus*.

Mere convenience in establishing a plaintiff's right should not be permitted to justify the bringing his action in a higher court. It should be a clear case of necessity, especially when the injury is trivial and the plaintiff has not made an attempt to sustain a suit in the justice's court.

The Circuit Court is advised that if the production of the plaintiff's title was necessary to enable him to maintain his action, he is entitled to costs in the circuit, and that the facts to show such necessity may be brought before the court by affidavits, or by the examination of witnesses *ore tenus*.

The CHIEF JUSTICE and Justice DALRIMPLE concurred.